FILED

JUL 17 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ADVANCED BUILDING &
FABRICATION, INC., a California
corporation; ROBERT HONAN,

Plaintiffs-Appellees,

v.

CALIFORNIA HIGHWAY PATROL;
JOHN WILSON,

Defendants-Appellants,

and

CURTIS AYERS,

Defendant.

No.   17-16669

D.C. No.
2:13-cv-02380-MCE-CKD
Eastern District of California,
Sacramento

ORDER

Before:  M. SMITH and NGUYEN, Circuit Judges, and RESTANI,* Judge.

Plaintiff-Appellee's petition for panel rehearing is GRANTED.  The

memorandum disposition, filed March 13, 2019, is hereby withdrawn.  A

superseding memorandum disposition will be filed concurrently with this order.

Judge M. Smith and Judge Nguyen have voted to deny the Plaintiff-

Appellee's petition for rehearing en banc and the Defendant-Appellant's petition

---

\*    The Honorable Jane A. Restani, Judge for the United States Court of
International Trade, sitting by designation.

for rehearing en banc, and Judge Restani has so recommended. The full court has been advised of the parties' petitions for rehearing en banc, and no judge of the court has requested a vote on either petition. Fed. R. App. P. 35. Plaintiff-Appellee's petition for rehearing en banc is DENIED, and Defendant-Appellant's petition for rehearing en banc is also DENIED.

No further petitions for panel rehearing or rehearing en banc will be entertained.

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 17 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ADVANCED BUILDING &
FABRICATION, INC., a California
corporation and ROBERT HONAN,

Plaintiffs-Appellees,

 v.

CALIFORNIA HIGHWAY PATROL and
JOHN WILSON,

Defendants-Appellants,

 and

CURTIS AYERS,

Defendant.

No.    17-16669

D.C. No.
2:13-cv-02380-MCE-CKD

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Argued and Submitted December 19, 2018
San Francisco, California

Before:  M. SMITH and NGUYEN, Circuit Judges, and RESTANI,[**] Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Jane A. Restani, Judge for the United States Court of International Trade, sitting by designation.

Officer John Wilson and the California Highway Patrol ("CHP") (collectively, "Defendants") appeal from the district court's denial of qualified immunity and state-law immunity in an action brought against them by Robert Honan and Advanced Building & Fabrication, Inc. (collectively, "Plaintiffs"). We have jurisdiction under 28 U.S.C. § 1291 to consider a claim of immunity that does not turn on resolution of a material dispute of fact. *See Plumhoff v. Rickard*, 572 U.S. 765, 771–73 (2014). We affirm in part, reverse in part, and remand.

1. The district court erred in denying Defendants qualified immunity as to the initial search warrant. Plaintiffs allege a Fourth Amendment violation based on judicial deception. In order to survive summary judgment on this claim, Plaintiffs "must 1) make a substantial showing of [the officers'] deliberate falsehood or reckless disregard for the truth and 2) establish that, but for the dishonesty, the [searches and arrest] would not have occurred." *Chism v. Washington State*, 661 F.3d 380, 386 (9th Cir. 2011) (quoting *Liston v. Cty. of Riverside*, 120 F.3d 965, 973 (9th Cir. 1997)). Because an officer is *per se* acting unreasonably if he obtains a warrant via judicial deception, *Butler v. Elle*, 281 F.3d 1014, 1024 (9th Cir. 2002) (per curiam), the officer is not entitled to qualified immunity if the plaintiff has made out a judicial deception claim that withstands summary judgment. *Chism*, 661 F.3d at 393.

Here, the district court erred in denying qualified immunity to Officer

2

Wilson because, as a matter of law, the alleged misrepresentation was immaterial to the issuance of the warrant. Even if Officer Wilson had falsely claimed in the warrant application that Honan had admitted to having a video of the incident, *see* **ER 557**, Plaintiffs did not dispute the existence of "a sign posted in a door disclosing that video surveillance was being conducted." Nor did they dispute Officer Wilson's resulting belief based on the sign that "surveillance video of crimes might be found on the premises." Therefore, even if the warrant application were "corrected and supplemented," *see Chism*, 661 F.3d at 389, the issuing magistrate would have had sufficient probable cause to issue the warrant. Accordingly, the alleged judicial deception as to the May 2012 search warrant was immaterial. We reverse the district court's denial of qualified immunity to Defendants on this claim.

**2.** Even if the initial warrant was later found to lack probable cause, as a matter of law, Defendants are entitled to qualified immunity for their search pursuant to a subsequently invalidated warrant under the "good faith" exception established in *United States v. Leon*, 468 U.S. 897 (1984).[1] However, as we reiterate in a concurrently filed opinion in *Advanced Building & Fabrication, Inc.*

---

[1] Our holding is limited to issues clearly presented on appeal. For example, claims challenging *how* Defendants' conducted the search, including whether they exceeded the scope of the warrant or whether they destroyed or confiscated property, were not presented on appeal and thus we do not address them.

*v. Ayers*, No. 17-16618, an officer's invitation to third parties to attend "the execution of a warrant when the presence of the third parties in the home was not in aid of the execution of the warrant" is a violation of clearly established law. *See Wilson v. Layne*, 526 U.S. 603, 614 (1999). As such, although Defendants are entitled to qualified immunity for *their* search, they are not for their invitation to the Board of Equalization employees to join in the search.

3.     The district court also erred in denying qualified immunity to Defendants on Plaintiffs' false arrest claim based on Defendants' detention of Honan during the execution of the search warrant at Honan's business. In *Muehler v. Mena*, 544 U.S. 93, 98 (2005), the Supreme Court held that "[a]n officer's authority to detain incident to a search is categorical," upholding a detention for the duration of a search "because a warrant existed . . . and [the plaintiff] was an occupant of that address at the time of the search." Absent any allegation that such a detention was conducted in an unreasonable manner, *see Dawson v. City of Seattle*, 435 F.3d 1054, 1066 (9th Cir. 2006), the district court erred in denying Defendants qualified immunity on this claim.

4.     The district court did not err in denying Defendants qualified immunity as to the second warrant to search Honan's home. Accepting Plaintiffs' allegations as true, Officer Wilson misled the magistrate about (1) ownership of the safe that contained the firearms and ammunition, (2) the licensed firearms dealer,

4

Buss, who also conducted business at that location, (3) Honan's suggestion that the surveillance footage was "hidden" and thus possibly stored at his residence, and (4) the confiscated media that was already in CHP's possession that had not yet been reviewed. Given the fact-intensive nature of these allegations, we cannot say as a matter of law that the district court erred in denying Defendants qualified immunity on this claim.

5. The district court did not err in denying Defendants immunity under California Government Code section 821.6. We are bound by our prior decision interpreting immunity under section 821.6 to be limited to claims of malicious prosecution. *Garmon v. Cty. of Los Angeles*, 828 F.3d 837, 847 (9th Cir. 2016). Absent any claim of malicious prosecution, section 821.6 does not apply.

6. Plaintiffs do not dispute that California Government Code section 815.2(b) immunizes the state agency "where the employee is immune from liability." As an initial matter, Plaintiffs' federal claim under § 1983 preempts state-law immunity. *See Martinez v. California*, 444 U.S. 277, 284 n.8 (1980). Because it does not appear that the individual Defendants are eligible for immunity under any state-law grounds, section 815.2(b) does not apply, and we affirm the district court's denial of immunity on this ground.

The parties shall bear their own costs on appeal. *See* Fed. R. App. P. 39(a)(4).

5

**AFFIRMED in part, REVERSED in part and REMANDED.**